# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 03 2014

Sherri R. Carter, Executive Officer/Clerk
By: Cheri Grant, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

COUNTY OF LOS ANGELES; Additional Parties Attachment Form is Attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JANICE STEPHENS, an individual; ROBERT STEPHENS, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles
Los Angeles Superior Court, North District
42011 4th Street West, Lancaster, California 93534

CASE NUMBER:
*(Número del Caso):*
MC024616

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W. Noland, Esq., 21050 Centre Pointe Parkway, Santa Clarita, California 91350; (661) 291-6217

DATE: JUN 03 2014 *(Fecha)* Sherri R. Carter, Executive Officer/Clerk, Clerk, by *(Secretario)* CHERI GRANT, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

CIVIL LITIGATION UNIT
SEP 23 2014
RECEIVED

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: STEPHENS vs. COUNTY OF LOS ANGELES, et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF DEPUTY DOE 1; in both his or her official capacity and individually; SHERIFF DEPUTY DOE 2; in both his or her official capacity and individually; SHERIFF DEPUTY SUPERVISOR DOE 3; in both his or her official capacity and individually; SHERIFF DEPUTY SUPERVISOR DOE 4; in both his or her official capacity and individually; and DOES 5 through 50, Inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

JOHN W. NOLAND, SBN 190121
ROY HUNTSMAN, SBN 185486
LAW OFFICES OF HUNTSMAN • NOLAND
A Professional Corporation
21050 Centre Pointe Parkway
Santa Clarita, California 91350
Tel: (661) 291-6217; Fax: (888) 257-1375

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 03 2014

Sherri R. Carter, Executive Officer/Clerk
By: Cheri Grant, Deputy

Attorneys for Plaintiffs JANICE STEPHENS and ROBERT STEPHENS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JANICE STEPHENS, an individual, ROBERT STEPHENS, an individual,<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF DEPUTY DOE 1, in his or her official capacity; SHERIFF DEPUTY DOE 2, in his or her official capacity; SHERIFF DEPUTY SUPERVISOR DOE 3 in his or her official capacity; SHERIFF DEPUTY SUPERVISOR DOE 4; in his or her official capacity; and DOES 5 through 50, Inclusive,<br><br>Defendants. | **Case No.**<br>MC024616<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>(1) Violation of Federal Civil Rights (42 U.S.C., Section 1983), Unreasonable Search & Seizure;<br>(2) Violation of Federal Civil Rights (42 U.S.C. 1983), Monell Related Claims; |

Plaintiffs ROBERT STEPHENS ("ROBERT") and JANICE STEPHENS ("JANICE") (collectively, "PLAINTIFFS"), alleges as follows:

**PARTIES**

1. At all times relevant to this Complaint, PLAINTIFFS were and now are individuals residing within the Antelope Valley, County of Los Angeles, in the State of California.

2. At all times applicable herein, THE COUNTY OF LOS ANGELES ("COUNTY") was and is a local municipal public entity in the County of Los Angeles, State of California. The

CIVIL LITIGATION UNIT
SEP 23 2014
RECEIVED

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("SHERIFF") was and now is a public entity subdivision of COUNTY in the County of Los Angeles, State of California.

3. At all times applicable herein, SHERIFF DEPUTY DOE 1 was an individual residing, on information and belief, in the County of Los Angeles, and an officer, agent, and employee of COUNTY and SHERIFF. Defendant SHERIFF DEPUTY DOE 1 is sued herein in his or her official capacity as an employee.

4. At all times applicable herein, SHERIFF DEPUTY DOE 2 was an individual residing, on information and belief, in the County of Los Angeles, and an officer, agent, and employee of the COUNTY and SHERIFF. Defendant SHERIFF DEPUTY DOE 2 is sued herein in his or her official capacity as an employee.

5. At all times applicable herein, SHERIFF DEPUTY SUPERVISOR DOE 3 was an individual residing, on information and belief, in the County of Los Angeles, and an officer, agent, and employee of the COUNTY and SHERIFF. Defendant SHERIFF DEPUTY DOE 3 is sued herein in his or her official capacity as an employee.

6. At all times applicable herein, SHERIFF DEPUTY SUPERVISOR DOE 3 was an individual residing, on information and belief, in the County of Los Angeles, and an officer, agent, and employee of the COUNTY and SHERIFF. Defendant SHERIFF DEPUTY SUPERVISOR DOE 3 is sued herein in his or her official capacity as an employee.

7. Defendants DOES 1 through 50 are sued as fictitious names; their true names and capacities being unknown to PLAINTIFFS. When their true names and capacities are ascertained, PLAINTIFFS will amend this complaint by inserting their true names and capacities. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named DEFENDANTS are responsible in some manner for the occurrences herein alleged, and those DEFENDANTS proximately caused, are responsible for, and/or legally liable for PLAINTIFFS' damages as herein alleged. Each reference in this complaint to "DEFENDANTS," or a specifically named DEFENDANT refers to and includes all DEFENDANTS sued under fictitious names. On information and belief, PLAINTIFFS make all allegations contained in this complaint against all DEFENDANTS, including DOES 1 through 50.

8. Whenever in this Complaint reference is made to any act of DEFENDANTS, such allegations shall be deemed to mean all named DEFENDANTS and DOES 1 through 50, or their officers, agents, managers, representatives, employees, heirs, assignees, customers, tenants, did or authorized such acts while actively engaged in the operation, management, direction or control of the affairs of DEFENDANTS and while acting within the course and scope of their duties, except as specifically alleged to the contrary.

9. At all times herein mentioned and with respect to the specific matters alleged in the complaint, PLAINTIFFS are informed and believe that each DEFENDANT (including DOES 1 through 50) was a parent, subsidiary, affiliate, alter ego, partner, agent, franchisee, licensee, employee, employer, controlling franchiser, controlling licensor, principal, and/or joint venture of each of the remaining DEFENDANTS, and was at all times acting within the course and scope of such agency, service, employment, control and/or joint venture, and each DEFENDANT has ratified, approved, profited from and/or authorized the acts of each of the remaining DEFENDANTS and/or failed to prevent such acts when having the power and/or duty to do so, with full knowledge of said acts.

## GENERAL ALLEGATIONS

10. In December of 2012, PLAINTIFFS were involved in the construction of a building to be later used as the couple's business location. At this time, the building had been framed and construction materials were stored inside. The building is located on PLAINTIFFS' commercial property at 42035 12th Street West in the City of Lancaster.

11. PLAINTIFFS were informed and believed that unknown persons were entering the building during the nighttime hours and stealing their construction materials. PLAINTIFF ROBERT decided to stay at the building to protect his property.

12. Late in the evening on or about December 3, 2012, ROBERT called JANICE and told her to call the SHERIFF and report a break-in at their property. ROBERT told her that someone had entered their place and were attempting to steal their construction material.

13. During the telephone conversation, the telephone line went silent and JANICE was

afraid for her husband's safety. JANICE immediately called 911 and requested the SHERIFF send deputies to assist her husband regarding the crime occurring at the business site.

14. PLAINTIFFS are informed and believe and thereon allege that during the 911 telephone call, JANICE was told that SHERIFF'S deputies were routed to the location, but could not find it. JANICE was transferred several times over several minutes without the deputies finding the location.

15. Eventually, during the 911 call, JANICE became exasperated and believed that the deputies were not going to find the building or help her husband. She decided to get into her car and drive to the location herself.

16. When JANICE arrived at the location, SHERIFF'S deputies had just arrived. ROBERT had detained the would-be thieves at gun point, and was relieved to see the deputies arrive. JANICE stayed at her car until she was contacted by a deputy and asked to get out of the car.

17. PLAINTIFFS were contacted by deputies and explained what had occurred. PLAINTIFFS expected deputies to detain or arrest the thieves, but they did not. The thieves were permitted to put the stolen construction material back where they had found it, and they were allowed to leave. PLAINTIFFS were detained.

18. JANICE was placed in the back of a SHERIFF'S car and watched as a deputy searched her car, trunk and purse. The deputy found a handgun in her purse.

19. JANICE was subsequently arrested for possessing a handgun, and ROBERT was arrested for detaining the thieves with a handgun.

20. PLAINTIFFS are informed and believe that DEFENDANTS and each of them, knew that there was no probable cause to arrest PLAINTIFFS, but did so as a retaliatory act against PLAINTIFFS who were upset that deputies let the criminals leave the scene without recourse.

21. PLAINTIFFS are informed and believe and thereon allege that the DEFENDANTS knew there was no basis for deputies to arrest either of them for any acts prior to the search of JANICE'S car and purse. ROBERT was arrested for detaining criminals with a gun despite his lawfully using reasonable force to detain the suspects on his property who were stealing his property; JANICE was arrested for possession of a firearm, which was seized during an unlawful search of her

property.

22. PLAINTIFFS are informed and believe and thereon allege that after being incarcerated, forced to post bail and retain legal counsel, all charges were dismissed because there was never probable cause to search, arrest or charge PLAINTIFFS for any crime.

**FIRST CAUSE OF ACTION FOR**
**VIOLATION OF FEDERAL CIVIL RIGHTS – 42 U.S.C. 1983**
**UNREASONABLE SEARCH AND SEIZURE**
(Against All Defendants, and DOES 1 through 50)

23. PLAINTIFFS re-allege and incorporate herein as if set forth in full, paragraphs 1 through 22.

24. Standing: PLAINTIFFS are individuals and citizens of the United States protected by 42 U.S.C., Section 1983. DEFENDANTS, and each of them, acted under color of state law when committing the acts alleged herein, including intentional and malicious interference with PLAINTIFFS' rights of freedom and liberty guaranteed under the United States Constitution.

25. Duty: DEFENDANTS, and each of them, have a duty and obligation to recognize and conduct themselves in a manner that confirms, provides for and does not violate the protections guaranteed under the United States Constitution, including those under the Fourth Amendment, to include without limitation, the right to liberty as well as the right to be free of unreasonable search and seizure, or as in this case, arrest without any legal basis.

26. Deprivation of Constitutional Rights: PLAINTIFFS are informed and believe and based on such information and belief allege, that DEFENDANTS, and each of them, deprived PLAINTIFFS of their constitutional rights through wrongful and intentional actions and/or failures to act as described above, evincing a deliberate indifference to the PLAINTIFFS' rights, such conduct including but not limited to the baseless arrest and incarceration of PLAINTIFFS.

27. Knowledge: DEFENDANTS, and each of them, acted intentionally and/or with bad faith, and with a willful and conscious disregard of and callous indifference to the PLAINTIFFS' rights when they engaged in the conduct which caused PLAINTIFFS to suffer damage.

PLAINTIFFS allege that the actions of DEFENDANTS were punitive, malicious and oppressive, and were not acting in conformity with the protections provided by the United States Constitution.

28. Substantial Factor: DEFENDANTS' deliberate, wrongful and malicious conduct and actions and various failures to act were a substantial factor causing the injuries to the PLAINTIFFS as alleged herein.

29. Damages: DEFENDANTS' conduct has caused the PLAINTIFFS to suffer damages in an amount to be proven at trial. In addition, PLAINTIFFS have incurred costs and expense may incur outside attorney fees, including those authorized by 42 U.S.C., section 1988, to an extent and in an amount subject to proof at trial. DEFENDANTS' wrongful conduct as alleged was intentional, done with malice, in conscious disregard of, or with callous indifference to rights and liabilities of the PLAINTIFFS.

**SECOND CAUSE OF ACTION**

**VIOLATION OF FEDERAL CIVIL RIGHTS – 42 U.S.C. 1983**

**MONELL-RELATED CLAIMS**

(By Plaintiffs Against COUNTY, and DOES 1 through 50)

30. PLAINTIFF re-alleges, and incorporates herein as if set forth in full, paragraphs 1 through 29, above.

31. COUNTY is a person within the meaning of 42 U.S.C. 1983 and subject to Monell liability. Monell v Department of Social Services (1978) 436 U.S. 658. COUNTY's employees and agents, and each of them, acted under color of state law when committing the acts alleged herein, in violation of the PLAINTIFFS' rights.

32. Duty: COUNTY, by and through its supervisory and policy making employees and agents, had a duty to PLAINTIFFS at all times to establish, implement and follow policies, procedures, customs and/or practices (hereinafter referred to as "practices") which confirm and provide for the protections guaranteed PLAINTIFFS under the United States Constitution, including those under the Fourteenth Amendment, to include without limitation, the protection of liberty interest; the right to procedural due process; to use reasonable care to select, assign supervise, train,

control and review the activities of all their agents, officers, employees and those acting under them, so as to protect the constitutional rights; and refrain from acting with deliberate indifference to the constitutional rights of PLAINTIFFS so as to not cause the injuries and damages alleged herein.

33. Deprivation of Constitutional Rights: PLAINTIFFS are informed and believe, and based on such information and belief allege, that DEFENDANTS, and each of them, including those DEFENDANTS sued in their official capacity who had supervisory and/or policy making authority, and each of them, deprived PLAINTIFFS of their constitutional rights through wrongful and intentional actions and/or failures to act evincing a deliberate indifference to PLAINTIFFS' rights; such wrongful conduct including but not limited to:

(a) DEFENDANTS' deliberate failure to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices, despite their knowledge that the lack of such training and policies were the moving force behind the constitutional violations alleged hereinabove and a substantial factor in the harm inflicted on PLAINTIFFS;

(b) DEFENDANTS' knowing failure to accord the PLAINTIFFS procedural due process;

(c) DEFENDANTS' knowing failure to properly select, assign, supervise, train, control and review its agents and employees as to their recognition of and compliance with constitutional safeguards and the PLAINTIFFS' rights;

(d) DEFENDANTS' deliberate indifference to and intentional, knowing failure to discipline its agents and employees who violate constitutional rights or commit wrongful acts;

(e) attempting to intimidate the PLAINTIFFS with arrest without proper justification;

(f) The policy of using trickery, fabrication and/or false testimony and/or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court, causing interference with the PLAINTIFFS' rights, including those as to freedom and liberty;

(g) By acting with deliberate indifference in implementing a policy of inadequate

training, and/or by failing to train its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourteenth Amendment;

(h) By acting with deliberate indifference in implementing a policy of inadequate supervision, and/or by failing to adequately supervise its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments. The foregoing list is not exhaustive due to the pending nature of discovery and the privileged and protected records of DEFENDANTS' investigative proceedings.

34. Knowledge: PLAINTIFFS are informed and believe, and based on such information and belief allege that DEFENDANTS, and each of them, and those DOES sued in their official capacity who had supervisory and/or policy making authority, knew and/or were deliberately indifferent to the probability that by breaching the above mentioned duties and obligations that DEFENDANTS would, and did, cause the PLAINTIFFS to be injured which imposed tangible burdens on PLAINTIFFS' rights, and procedural due process, all such rights guaranteed under the United States Constitution, Fourth and Fourteenth Amendments, and 42 U.S.C. 1983.

35. DEFENDANTS, and each of them, breached their duties and obligations to the PLAINTIFFS by, among other things, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting their agents and employees to engage in the unlawful and unconstitutional conduct as herein alleged.

36. DEFENDANTS, and each of them, knew, or should have known, that by breaching the above-mentioned duties and obligations it was foreseeable that they would, and did, cause the PLAINTIFFS to be injured and damaged by their wrongful policies, or deliberate lack thereof, or deliberate indifference to the need for such policies and/or training, and other acts as alleged herein, and that such breaches occurred in contravention of public policy and their legal duties and obligations to the PLAINTIFFS.

37. These actions, and/or inactions, of DEFENDANTS, and each of them, are the moving force behind, and direct and proximate cause of, the PLAINTIFFS damages, and as a result, the PLAINTIFFS have sustained general and special damages, to an extent and in an amount to be proven at trial. In addition, PLAINTIFFS have incurred, and will continue to incur, attorneys' fees, costs and expenses, including those as authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.

**PRAYER**

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. As to all DEFENDANTS and each of them as to all causes of action, PLAINTIFFS demands a jury trial as to the issues so triable;

2. As to all DEFENDANTS and each of them as to all causes of action, general damages and special damages according to proof;

3. As to all DEFENDFANTS and each of them as to all causes of action, attorneys' fees pursuant to 42 U.S.C. Section 1988 and any other appropriate state civil right claims and penalties;

4. As against all DEFENDANTS and each of them as to all causes of action costs of suit incurred herein; and

5. As against all DEFENDANTS and each of them as to all causes of action such further relief as the Court deems just and proper.

Dated: 5/30/14

**LAW OFFICES OF HUNTSMAN • NOLAND**

By ______________________

JOHN W. NOLAND, ESQ.
Attorney for the Plaintiffs

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
John W. Noland, Esq. / SBN 190121
Law Offices of Huntsman Noland
21050 Centre Pointe Parkway
Santa Clarita, California 91350
TELEPHONE NO.: (661) 291-6217 FAX NO.: (888) 257-1375
ATTORNEY FOR (Name): Plaintiffs, JANICE STEPHENS & ROBERT STEPHENS

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles
JUN 03 2014
Sherri R. Carter, Executive Officer/Clerk
By: Cheri Grant, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 42011 4th Street West
MAILING ADDRESS:
CITY AND ZIP CODE: Lancaster, California 93534
BRANCH NAME: North District

CASE NAME:
Stephens vs. County of Los Angeles, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: MC024616 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [✓] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [✓] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 30, 2014
John W. Noland
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Stephens vs. Los Angeles County, et al. | CASE NUMBER MC024616 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 7 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

| SHORT TITLE: Stephens vs. Los Angeles County, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☒ A6005 Civil Rights/Discrimination | 1., 2., (3.) |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Stephens vs. Los Angeles County, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: Stephens vs. Los Angeles County, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS:<br>42035- 12th Street West |
|---|---|---|---|
| CITY:<br>Lancaster | STATE:<br>CA | ZIP CODE:<br>93534 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Antelope Valley courthouse in the North District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 30, 2014

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LOS ANGELES COUNTY SHERIFFS DEPARTMENT
SERVICE OF PROCESS NOTIFICATION
(PLEASE TYPE OR PRINT)

FROM: PERSONNEL AND TRAINING DIVISION
CIVIL LITIGATION UNIT
4900 Eastern Avenue, Suite 102
Commerce, CA 90040-2900 (213) 890-5400

TO: S. ROBERT AMBROSE, ASSISTANT COUNTY COUNSEL
COUNTY COUNSEL'S OFFICE
648 Hall of Administration
Los Angeles, CA 90012

DOCUMENT SERVICE INFORMATION

Defendant Los Angeles County Sheriff's Department has been served by the
(Employee's Name and Number) (*)

Plaintiff Janice Stephens, et al. under Court Case # MC024616
(Name of Person Suing)

originating from Los Angeles Superior Court, alleging the employee:
(Name of Court)

(List basis for suit) Civil Rights;

(**) SWORN Department employee accepting service: Denise Doering, Operations Assistant III #267514
(Name / Rank / Employee #)

Date and Time ABOVE employee accepted service: 09/23/14 @ 1220 Hours

Location Process was served: 4900 South Eastern Avenue, Suite 102, Commerce, California 90040
(Complete Address of Unit / Location)

Date Defendant being served ACTUALLY received service: 09/23/14

Reason for delayed service: ______ (Vacation / F-day, etc.)

MANNER IN WHICH SERVICE WAS MADE (Check appropriate box)

☐ Personal Service to Defendant/Employee(CCP415.10) — By personally delivering copies to EACH PERSON being served.

☒ Substituted Service-Other (CCP415.20b) (Part I) (This service MUST be made to a person 18 years of age and the general nature of the papers must be explained) — By leaving copies FOR EACH person served at the dwelling/house, place of abode, or usual place of business, in the presence of a competent member of the household; person in charge of the persons office/place of business.

☐ Substituted Service (Part II) — AND thereafter mailing (by First Class-prepaid postage) copies to the person served, at the place copies were left.

☐ Mail and Acknowledgment (CCP 415.30) *** DO NOT MAIL OR SIGN THE NOTICE OF ACKNOWLEDGMENT. THE NOTICE OF ACKNOWLEDGMENT SHALL BE FORWARDED TO RISK MANAGEMENT BUREAU- CIVIL LITIGATION, WITH A COPY OF THE SUBPOENA*** — By mailing (First Class or Air Mail - Prepaid) copies to EACH person being served with TWO copies of the Notice and Acknowledgment and a return envelope, postage prepaid, addressed to the sender.

CIVIL LITIGATION UNIT
SEP 23 2014
RECEIVED

Distribution of forms shall be: (Refer to Manual of Policy & Procedures Section 5-07/280.00)
- One copy to Risk Management Bureau, Civil Litigation Unit WITH a copy of the subpoena
- One copy to be retained by Employee's unit
- One copy to concerned Division Chief

(*) A separate form SHALL be completed for EACH person being served.
(**) Only sworn SUPERVISING PERSONNEL, Watch Deputy & Above shall accept services.

IMPORTANT NOTE: The Department and/or Employee, has ONLY 20 days to respond to Federal lawsuits and ONLY 30 days to respond to State lawsuits. If the response is not received within this time period, the defendant is found in DEFAULT and will be ordered to pay damages.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Superior Court/North District 42011 4th Street West Lancaster, CA 93534-7182 | CONFORMED COPY ORIGINAL FILED Superior Court of California County of Los Angeles JUN 0 3 2014 Sherri R. Carter, Executive Officer/Clerk Sheri Grant, Deputy |
| PLAINTIFF: | |
| DEFENDANT: | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: MC024616 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 10-23-14 Time: 8 30 Dept.: A10

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: JUN 0 3 2014

Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in ____________________, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Dated: JUN 0 3 2014

Sherri R. Carter, Executive Officer/Clerk

By CHERI GRANT

Deputy Clerk